IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LEROY STEVENSON**                                                                                          **PETITIONER**
**ADC #093169**

**V.**                              **CASE NO. 1:18-CV-6-KGB-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.    Jurisdiction:**

Petitioner Leroy Stevenson, an inmate in the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 11, 2017. (Docket entry #1) In 2008, Mr. Stevenson was convicted of rape in

the Circuit Court of Craighead County, Arkansas, and sentenced as a habitual offender to 50 years' imprisonment in the ADC. *Stevenson v. State*, 2013 Ark. 302, at 1.

Mr. Stevenson filed his first federal petition for a writ of habeas corpus under § 2254 on August 19, 2013. *Stevenson v. Hobbs*, No. 5:13-CV-269-KGB-BD (E.D. Ark.) (#2). The district court denied relief and dismissed the petition on May 8, 2014. *Id.* (#17). The Eighth Circuit Court of Appeals denied Mr. Stevenson permission to file a successive habeas petition on October 27, 2014. *Stevenson v. Hobbs*, No. 14-2254 (8th Cir. 2014).

The Court lacks jurisdiction to hear Mr. Stevenson's petition. As noted, Mr. Stevenson has already challenged his conviction through an earlier federal habeas petition. Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

2

authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive.

### III.   Conclusion:

The Court recommends that Judge Baker DENY and DISMISS without prejudice Leroy Stevenson's petition for writ of habeas corpus (#1) for lack of jurisdiction. The Court recommends that Mr. Stevenson's motion to amend parties (#5) be DENIED as MOOT. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 23rd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE